IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mazza, et al., | : | CIVIL ACTION |
| | : | NO. 20-3253 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| The Bank of New York Mellon, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    February 16, 2021

## I.   INTRODUCTION

Plaintiffs are three pro se individuals: Mark Mazza, his wife Lisa Mazza, and their daughter Sophia Mazza. Plaintiffs assert seventeen causes of action against a number of defendants, including ten "John Doe" defendants, who were allegedly involved at some point in the servicing of a mortgage and related foreclosure upon Plaintiffs' property.

Defendant Bank of America, N.A. ("BANA") filed a motion to dismiss for failure to state a claim on behalf of itself and as successor by de jure merger with BAC Home Loans Servicing, L.P. The remaining named Defendants (MERSCORP, Inc. ("MERS"), Specialized Loan Servicing LLP ("SLS"), and The Bank of New York Mellon ("BNYM")) have joined in BANA's motion to dismiss.

Defendants also argue that Plaintiff Sophia Mazza should be dismissed from the case. For the reasons explained below, Defendants' motion to dismiss will be granted and Plaintiff Sophia Mazza will also be dismissed from the case.

## II.   FACTUAL BACKGROUND/PROCEDURAL HISTORY

### A. Procedural History

On January 23, 2015, following a bench trial, the Chester County Court of Common Pleas ("the Trial Court") entered a verdict granting an in rem judgment in the underlying foreclosure action in favor of BNYM (the "Foreclosure Action"). The Foreclosure Action is based upon a Mortgage executed by Plaintiffs Lisa and Mark Mazza on June 6, 2006 in favor of MERS, acting solely as nominee for America's Wholesale Lender.[1] The Mortgage was secured by real property located at 1271 Farm Road, Berwyn, Pennsylvania 19312 ("Property"). The Mortgage was recorded in the Chester County Recorder of Deeds Office on June 14, 2006. Thereafter, the Mortgage was assigned to BNYM as trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA10 Mortgage Pass-through Certificates, Series 2006-OA10.[2]

---

[1]    Plaintiffs allege that MERS was not the nominee of America Wholesale Lenders regarding the Mortgage and Note relevant to the property in question, but the Mortgage that Plaintiffs signed clearly says that it was. See Defs.' Mot. Dismiss Ex. B, ECF No. 13-3.

[2]    Plaintiffs refer to the trust as Series 2007-OA10 instead of Series 2006-OA10. The Mortgage Assignment lists the trust as Series 2006-OA10. See

Judgment was entered against Plaintiffs Lisa and Mark Mazza and in favor of BNYM on August 12, 2015. On September 3, 2015, Plaintiffs Lisa and Mark Mazza filed an appeal of the judgment to the Superior Court of Pennsylvania ("Superior Court"). On September 9, 2016, the Superior Court issued a Memorandum affirming the foreclosure judgment. Thereafter, Plaintiffs Mark and Lisa Mazza filed a petition for allowance of appeal of the judgment in the Pennsylvania Supreme Court, which was denied on February 28, 2017.

On June 17, 2017, BNYM purchased the Property at a sheriff's sale. On June 26, 2017, Plaintiffs Mark and Lisa Mazza filed a Petition to Set Aside the Sale, which was subsequently withdrawn on July 17, 2017. On August 8, 2017, the deed to the Property was delivered to BNYM by the Chester County Sheriff. The deed was recorded on August 11, 2017. Thereafter, Plaintiffs Mark and Lisa Mazza filed a second Petition to Set Aside the Sale, which was denied on September 7, 2017. Plaintiffs Mark and Lisa Mazza appealed the order denying the Petition to the Superior Court. On October 11, 2017, the Trial Court ordered Plaintiffs Mark and Lisa Mazza to file a concise statement of errors complained of on appeal, but Plaintiffs failed to do so. On November 22, 2017, Plaintiffs Mark and Lisa Mazza filed a

---

Defs.' Mot. Dismiss Ex. C, ECF No. 13-4. The Court will construe Plaintiffs' version as a typo.

Petition for Leave to file a concise statement nunc pro tunc, which was denied by the Trial Court on November 28, 2017.

On August 13, 2018, the Superior Court issued a Memorandum affirming the Trial Court's Order denying the Petition to Set Aside the Sale, which rendered the second appeal involving the concise statement moot. Plaintiffs Mark and Lisa Mazza are currently defendants in an ejectment action filed by BNYM which seeks to evict them from the Property. That matter was removed to the United States District Court for the Eastern District of Pennsylvania and remains pending before another judge of this Court.

**B. Factual Allegations in the Complaint**

The factual allegations in the Complaint largely consist of conclusory allegations of fraud, as well as some specific allegations. Plaintiffs' argument is not entirely clear, but their theory of fraud in this case appears to stem from the following allegations:

1. On June 6, 2006 plaintiff Lisa Mazza executed a mortgage and note with America Wholesale Lenders-Countrywide Home Loans, for property located at 1271 Farm Rd. in Berwyn, Pa. before Theresa Maddy without a notary present.
2. The original mortgage and note were through America Wholesale Lenders ,a/k/a Countrywide Home Loans-original servicer, and at that time neither entity was authorized and permitted to do business and conduct mortgage transactions in the state of Pennsylvania.

3. MERS was not the nominee of America Wholesale Lenders regarding the mortgage and note relevant to the property in question.

4. Without authorization and registration to conduct business in Pennsylvania, the above originators sold the mortgage/note to Bank of America and said entity became the servicer of the loan.

5. In October 2011 the note was improperly and fraudulently assigned to Bank of New York Mellon FKA the Bank of New York Mellon as trustee for the benefit of certificate Holders of the CWALT Inc. Alternative Loan Trust 2007-OA10. The alleged assignment was allegedly executed by [Marivel] Castro as employee of MERS, but at the time this individual was an employee of Bank of America.

6. Sometime in 2012 Specialized Loan Servicing became servicer of the loan, and each adult plaintiff did not receive servicing transfer notices regarding this new servicer.

7. Subsequent to June 2012, there was an alleged assignment of mortgage executed by Darren Bronaugh, assistant secretary of MERS, to the Bank of New York Mellon. At the time of the alleged assignment [Darren Bronaugh] was an employee of Specialized Loan Servicing and it is averred the assignment was fraudulent, improper and invalid, including but not limited to lack of capacity, standing and improper or fraudulent notarization.

8. The CWALT Inc. Alternative Loan Trust 2007 AO10 closed on or about June 29, 2007, nearly 4 years prior to the alleged assignment, making the assignments above noted to be invalid and fraudulent.

9. Despite requests for genuine wet ink signed promissory note and deed or mortgage properly endorsed and notarized, requested from the named defendants and served by priority mail,

said parties have not provided said documents
to date.
10.   Said named defendants failed to respond in
any way to notice and demand for proof of
claim, and further failed to complete and
return forms B10 and 410, and form W10
regarding proof of loss.

Compl. ¶¶ 6, 9, 12, 15-22, 24, ECF No. 1.

Plaintiffs filed seventeen counts, including a variety of
federal and state claims related to Defendants' alleged
fraudulent conduct. Defendants have filed a motion to dismiss
for failure to state a claim on various grounds. This motion is
ripe for disposition.

**III. LEGAL STANDARD**

A party may move to dismiss a complaint for failure to
state a claim upon which relief can be granted. Fed. R. Civ. P.
12(b)(6). When considering such a motion, the Court must "accept
as true all allegations in the complaint and all reasonable
inferences that can be drawn therefrom, and view them in the
light most favorable to the non-moving party." DeBenedictis v.
Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (quoting
Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.
1989)).

To withstand a motion to dismiss, the complaint's
"[f]actual allegations must be enough to raise a right to relief
above the speculative level." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 557 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Given that Plaintiffs are pro se, the Court will construe their pleadings liberally. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

## IV.  DISCUSSION

### A. Jurisdictional Issues

Defendants argue that the Court lacks subject matter jurisdiction because this is a diversity case and Plaintiffs failed to adequately plead the citizenship of all parties to this lawsuit. The case is listed in ECF as a diversity case presumably because Plaintiffs assert in the Complaint that jurisdiction is pursuant to 28 U.S.C. § 1332 (the diversity statute). Compl. ¶ 5, ECF No. 1. However, given that Plaintiffs are pro se, the Court will construe the Complaint liberally and find that this case is actually a federal question case. See 28 U.S.C. § 1331.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Given that approximately half of Plaintiffs' claims arise under a variety of federal laws (e.g., the Truth in Lending Act, the National Bank Act, the Racketeer Influenced and Corrupt Organizations Act, etc.), the Court will construe this as a federal question case and exercise supplemental jurisdiction over the remaining state law claims.

**B. Plaintiff Sophia Mazza**

Sophia will be dismissed from this action because the Complaint fails to set forth any allegations that Sophia was a party to the Mortgage agreement or that she was the legal or beneficial owner of the property. Given that the Complaint is devoid of any facts that would show a plausible cause of action on behalf of Sophia, she will be dismissed from this action.

**C. Count I[3]**

### 1. Statute of Limitations

Count I alleges fraud. Defendants first argue that Plaintiffs' claim is barred by a two-year statute of limitations. "Typically, the two-year period begins to run as soon as the right to institute and maintain a suit arises." Toy v. Metropolitan Life Ins. Co., 863 A.2d 1, 7 (Pa. Super. 2004) (citing Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000)). However, there are several doctrines that can toll the statute of limitations, such as fraudulent concealment.

Construing Plaintiffs' claims liberally, they have alleged sufficient facts to raise a plausible argument of tolling based on fraudulent concealment. "The fraudulent concealment doctrine operates to stop the statute of limitations from running in

---

[3]     Defendants argue that the Plaintiffs' claims are barred by the Rooker-Feldman doctrine and/or res judicata. Given that the Court will grant leave to Plaintiffs to attempt to state a plausible cause of action, the Court will not delve into the merits of Defendants' claims at this time.

circumstances when the accrual date of a claim has passed but the 'plaintiff's cause of action has been obscured by the defendant's conduct.'" In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig., 795 F.3d 380, 400-01 (3d Cir. 2015) (quoting In re Linerboard Antitrust Litig., 305 F.3d 145, 160 (3d Cir. 2002)). Plaintiffs must also demonstrate reasonable diligence on their part, "[b]ut when a wrongful scheme is perpetrated through the use of common documentation, such as the documents employed to memorialize each putative class member's mortgage loan, full participation in the loan process is alone sufficient to establish the due diligence element." Id. at 404. "Due diligence does not mean that borrowers must presume their bank is lying . . . and therefore that further investigation is needed. Reading the blizzard of paper that sweeps before them is ample diligence in itself . . . borrower[s] ought to be able to rely on the documents provided by a financial institution." Id.

Here, Plaintiffs argue that the fraud in this case was not discoverable in the exercise of reasonable diligence until 2018 because "[f]acts and information were concealed and within the exclusive possession and control of the defendants in the instant matter." Pls.' Resp. to Defs.' Mot. Dismiss 11, ECF No. 26. For example, they argue that "[l]ists of officers and employees of defendants were not available and this information was in possession and control of defendants," so there was no

way for them to determine prior to the expiration of the statute of limitations that Castro and Bronaugh did not have authority to assign the Mortgage/Note to BNYM. See id. at 52. Plaintiffs also appear to have fully participated in the loan process.

Plaintiffs argue that the fraud in this case was discovered on June 25, 2018. They filed their Complaint on June 25, 2020, which was the last possible day to meet the statute of limitations (assuming the doctrine of fraudulent concealment applies). Given that Plaintiffs are entitled to all reasonable inferences from the facts alleged, and that the Court must accept these inferences as true at this stage, the Court will not dismiss Plaintiffs' fraud claim as a result of the two-year statute of limitations.

### 2. Failure to State a Viable Claim for Fraud

Defendants next argue that Plaintiffs' fraud claim should alternatively be dismissed because they fail to set forth a viable claim. To plead a civil fraud claim under Pennsylvania law, a plaintiff must plead sufficient facts establishing the following elements:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

Weissberger v. Myers, 90 A.3d 730, 735 (Pa. Super. 2014)
(quoting Milliken v. Jacono, 60 A.3d 133, 140 (Pa. Super.
2012)). Under the Federal Rules of Civil Procedure, "a party
must state with particularity the circumstances constituting
fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has
explained that under Rule 9(b), a plaintiff must plead "all of
the essential factual background that would accompany 'the first
paragraph of any newspaper story'—that is, the 'who, what, when,
where and how' of the events at issue." In re Rockefeller Ctr.
Props., Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2002)
(quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d
1410, 1422 (3d Cir. 1997)).

The Court declines to reach the merits of Plaintiffs' fraud
claim because, as Defendants note, Plaintiffs lack standing to
challenge the validity of the Mortgage/Note assignments between
third parties. See Potoczny v. Aurora Loan Servs., LLC, 33 F.
Supp. 3d 554, 565 (E.D. Pa. 2014) (explaining that Plaintiffs
lacked standing because "whether there was a defect in the
[mortgage] assignment . . . to [Defendant] is immaterial to
[Defendant's] standing to seek foreclosure as the holder or
possessor of the Note . . . a note securing a mortgage is a
negotiable instrument . . . enforceable by its possessor,
regardless of doubts about the chain of possession"); see also
Dixon v. Stern & Eisenberg, PC, No. 5:14-CV-4551, 2015 WL

3833782, at *11 (E.D. Pa. June 22, 2015) (holding that Plaintiff lacked standing to challenge the validity of an allegedly fraudulent mortgage assignment between two third parties), aff'd, 652 F. App'x 128 (3d Cir. 2016); English v. Fed. Nat'l Mortg. Ass'n, No. CIV.A. 13-2028 CCC, 2013 WL 6188572, at *4 (D.N.J. Nov. 26, 2013) (explaining that a Plaintiff alleging fraudulent mortgage assignment lacked standing because Plaintiff was not a party or intended third party beneficiary to the contract and "[i]n the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid") (collecting cases); In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012) ("Because the Note is a negotiable instrument and that BNYM is the holder the instrument, the Debtor lacks standing to assert that BNYM cannot enforce the Note due to an alleged failure to comply with the [pooling and servicing agreement].").

As a result of the foregoing, Plaintiffs' fraud claim will be dismissed without prejudice. Plaintiffs may file an amended complaint as to any claims of fraud other than those based on conduct between two third parties as to which they have no standing.

### D. Count II

Count II alleges violations of four sections of the Uniform Commercial Code ("UCC"): § 3-301, § 3-305, § 3-203, and § 3-309.

The Court will liberally construe these as violations of the Pennsylvania UCC, codified at 13 Pa. Cons. Stat. §§ 3301, 3305, 3203, 3309 (2020). Plaintiffs allege that "[b]ased on an illegality or fraud in the original transaction, defendants cannot prove they are entitled to enforce the assignments and mortgage/note." Compl. ¶ 75, ECF No. 1

However, the Court need not reach the merits of Plaintiffs' argument because the standing argument expressed in relation to Count I is equally applicable to Plaintiffs' UCC arguments under Count II. See, e.g., Potoczny, 33 F. Supp. 3d at 565 (explaining the meaning behind § 3301 and holding that Plaintiffs lacked standing because "whether there was a defect in the [mortgage] assignment . . . to [Defendant] is immaterial to [Defendant's] standing to seek foreclosure as the holder or possessor of the Note . . . a note securing a mortgage is a negotiable instrument . . . enforceable by its possessor, regardless of doubts about the chain of possession"). Plaintiffs do not plead any factual allegations that would allow the Court to reasonably infer that BNYM is not the holder of the Note/Mortgage. Consequently, Count II will be dismissed without prejudice.

**E. Counts III and XV**

Counts III and XV allege violations of the Federal Trade Commission Act ("FTCA"), which outlaws unfair methods of competition and unfair acts or practices that affect commerce.

But there is no private right of action under the FTCA. See, e.g., Carpenter v. Kloptoski, No. 1:08-CV-2233, 2011 WL 995967, at *10 (M.D. Pa. Mar. 17, 2011). Thus, Counts III and XV will be dismissed with prejudice.

### F. Count IV

Count IV alleges violations of the Uniform Deceptive Trade Practices Act ("UDTPA"), which is a model statute promulgated by the Council of State Governments in connection with the Federal Trade Commission ("FTC"). But, unlike the UCC, Pennsylvania has not adopted the UDTPA outright. See Weinberg v. Sun Co., 740 A.2d 1152, 1156 (Pa. Super. Ct. 1999) (explaining that Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") is based on the FTCA, the Lanham Act, and the UDTPA), aff'd in part, rev'd in part on other grounds, 777 A.2d 442 (Pa. 2001). Thus, even if the Court was to evaluate Plaintiffs' claims pursuant to the UTPCPL, it would not be clear under which provisions Plaintiffs are suing. Given that Plaintiffs' response is similarly unhelpful and continues to assert vague claims under the UDTPA, which does not provide a cause of action for Plaintiffs, Count IV will be dismissed without prejudice.

### G. Count V

Count V alleges violations of the Truth in Lending Act ("TILA"). Defendants argue that Plaintiffs' TILA claim must be

dismissed because (1) it fails to plead sufficient facts establishing a right to relief and (2) it is barred by the statute of limitations. However, it is not possible for the Court to address either of these arguments, since, as Defendants note, the Complaint (as well as Plaintiffs' response) fails to allege sufficient facts which would allow the Court to identify which (if any) provisions of TILA, which is a voluminous statute, have been violated. This is crucial not only to address the merits of Plaintiffs' claim, but also the statute of limitations, as the time period differs depending on which provisions are applicable. See 15 U.S.C. § 1640(e) (providing that a one-year statute of limitations applies to any action except those alleging a violation of section 1639, 1639b, or 1639c, for which a three-year statute of limitations applies).

Because the Complaint fails to allege sufficient facts that would allow the Court to identify a right to relief under TILA for Plaintiffs, Count V will be dismissed without prejudice. See Fed. R. Civ. P. 8 (requiring a complaint to contain a short and plain statement of the claim as to the relief sought).

**H. Count VI**

In Count VI, Plaintiffs attempt to plead a civil cause of action against Defendants for violations of 18 U.S.C. §§ 513-514, which are federal criminal statutes dealing with forged securities. Because there is no private cause of action to

enforce these criminal laws, Count VI will be dismissed with
prejudice. <u>See</u> <u>Cent. Bank of Denver v. First Interstate Bank of
Denver</u>, 511 U.S. 164, 190 (1994) (explaining the Court's history
of refusing to infer a private right of action from a "bare
criminal statute"); <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85–87
(1981) (explaining that a private party has no right to compel
enforcement of criminal laws).

### I. Count VII

Count VII alleges that Defendants violated "12 USC Chapter
2 subchapter 4" by engaging in "various and continuing
fraudulent activities and misrepresentations." Compl. ¶¶ 87–88,
ECF No. 1. "Subchapter 4" consists of 12 U.S.C. §§ 81–95 of the
National Bank Act ("NBA"). It is not clear which provisions
Plaintiffs believe are applicable to this case, and the Court
cannot find any facts alleged in the Complaint that would state
a facially plausible claim for relief under any of the
provisions in Subchapter 4. Consequently, Count VII will be
dismissed without prejudice.

### J. Count VIII

Count VIII alleges violations of the Dodd-Frank Act. But
"the Dodd-Frank Act does not provide for a private right of
action by borrowers against lending institutions." <u>See, e.g.</u>,
<u>Bell v. LoanDepot.com LLC</u>, No. 19CV00715, 2020 WL 376498, at *4
(W.D. Pa. Jan. 23, 2020) (citing <u>Angino v. Wells Fargo Bank</u>,

N.A., No. 1:15-CV-418, 2016 WL 787652, at *9 (M.D. Pa. Feb. 19, 2016)). Consequently, Count VIII will be dismissed with prejudice.

### K. Count IX

In Count IX, Plaintiffs attempt to plead a civil cause of action against Defendants for violations of 18 U.S.C. §§ 1956-1957, which are federal criminal statutes dealing with money laundering. Similar to Count VI, because there is no private cause of action to enforce these criminal laws, Count IX will be dismissed with prejudice.

### L. Count X

Count X alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). To plead a civil RICO claim, a complaint must plead sufficient facts establishing the existence of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Warden v. McLelland, 288 F.3d 105, 114 (3d Cir. 2002) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

Racketeering activity consists of predicate acts enumerated in the RICO statute, 18 U.S.C. § 1961(1). The Complaint and Plaintiffs' response, however, fail to plead any of the predicate acts established in section 1961. See DiGiglio v. U.S. Xpress, Inc., 293 F. Supp. 3d 522, 527 (E.D. Pa. 2018) ("RICO plaintiff[s] must cite predicate acts which are specifically

enumerated in 18 U.S.C. § 1961, and acts such as wire fraud and mail fraud, must be pleaded with particularity as required by Federal Rule of Civil Procedure 9(b).").

Given Plaintiffs' claims in Count IX, the Court can assume that the predicate acts Plaintiffs are referring to would be money laundering under 18 U.S.C. §§ 1956-1957. However, Plaintiffs do not plead any facts that would allow the Court to draw the reasonable inference that any of the transactions in this case involved the proceeds of some unlawful activity. Cf. Brice v. Hoffert, No. 5:15-cv-4020, 2016 WL 4766301, at *7 (E.D. Pa. Sept. 13, 2016) (holding that an allegation of knowingly filing false tax returns "fails to qualify as money laundering because there is no evidence that the transaction involves the proceeds of some unlawful activity"), rev'd in part on other grounds sub nom. Brice v. Bauer, 689 F. App'x 122 (3d Cir. 2017). Consequently, Count X will be dismissed without prejudice. Should Plaintiffs elect to file an amended complaint including a claim under RICO, they shall submit a RICO case statement in addition to their claim in the amended complaint, as this Court has previously ordered Plaintiffs filing a civil RICO claim to do. See, e.g., Walter v. Palisades Collection, LLC, 480 F. Supp. 2d 797, 800 n.2 (E.D. Pa. 2007) (Robreno, J.).

## M. Count XI

Count XI alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). However, this claim is clearly barred by the statute of limitations. Under the FDCPA, a claim may be brought "within one year from the date on which the violation

and the statute of limitations should be tolled until they discovered the FDCPA violations on June 25, 2018, Plaintiffs would have been required to file suit by June 25, 2019 in order to fall within the one-year statute of limitations.[4] Consequently, since Plaintiffs did not file suit until June 25, 2020, Count XI is barred by the statute of limitations and will be dismissed with prejudice.

### N. Count XII

In Count XII, which is labeled as a claim for "Corporate Liability," Plaintiffs allege that Defendants are "solely" and "jointly" and "severally" and "vicarious[ly]" liable for the actions of the "aforementioned individuals, servicers, subsidiaries, corporations" who are allegedly Defendants' "agents ,servants ,employees, contractors master-servant and partners." Compl. ¶ 108, ECF No. 1.

The Court will construe this as a cause of action under respondeat superior. "However, there is no independent cause of action for respondeat superior under Pennsylvania law." Booker v. Nat'l R.R. Passenger Corp., 880 F. Supp. 2d 575, 586 (E.D. Pa. 2012) (citing Ford Motor Credit Co. LLC v. Maxwell, No. 10-1926, 2012 WL 1677248, at *2 (M.D. Pa. May 14, 2012)).

---

[4]    Although the running of the statute of limitations is ordinarily an issue of fact, the Court may grant a motion to dismiss on this basis if "[t]he time bar [is] evident on the face of the complaint." See Perelman v. Perelman, 545 F. App'x 142, 149 (3d Cir. 2013). For the reasons explained above, the time bar in this case is evident on the face of the Complaint.

Plaintiffs' response argues that "[t]he count does not allege a separate count or cause of action for respondeat superior," but does not explain what the cause of action underlying Count XII actually is. See Pls.' Resp. to Defs.' Mot. Dismiss 69, ECF No. 26. Consequently, Count XII will be dismissed without prejudice to the extent they would like to plead a non-respondeat superior corporate liability claim.

**O. Count XIII**

Count XIII is a claim for "Fabrication/Falsification of Evidence" due to Defendants' alleged concealment of the "original assignments" and fabrication of "invalid assignments." Compl. ¶ 110, ECF No. 1. But Plaintiffs have not cited to any authority that supports a cause of action for fabrication/falsification of evidence and the Court is not aware of any such independent cause of action under Third Circuit precedent or Pennsylvania law. Although there is a standalone claim for fabrication of evidence under Section 1983 in the context of fabrication of evidence with respect to criminal charges, Plaintiffs do not allege that any of the Defendants are state actors.

As a result of the foregoing, Count XIII will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**P. Count XIV**

Count XIV alleges a standalone claim for a breach of the implied covenant of good faith and fair dealing. But, as the Third Circuit has recognized, Pennsylvania does not recognize such an independent action. See Davis v. Wells Fargo, 824 F.3d 333, 352 (3d Cir. 2016) (affirming the dismissal of plaintiff's good faith claim upon defendant's Rule 12(b)(6) motion to dismiss on the basis that Pennsylvania law does not allow an independent action for breach of the covenant of good faith and fair dealing). Consequently, Count XIV will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Q. Count XVI**

In Count XVI, Plaintiffs set forth a count to allegedly reserve their right to amend the Complaint. This reservation is improper, as Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings, which provides:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Including a count in a complaint reserving the right to amend the complaint is not one of the enumerated methods of amendment. Consequently, Count XVI will be dismissed with prejudice.

### R. Count XVII

Count XVII is a claim for "injuries" against Defendants and sets forth a number of purported damages allegedly suffered by Plaintiffs. See Compl. ¶ 126, ECF No. 1. But a request for damages constitutes one element of a cause of action, rather than a standalone action. Plaintiffs seem to recognize this, given that they include a damages provision in each of their remaining counts. Count XVII will thus be dismissed with prejudice.

### S. Claims for Punitive Damages

Plaintiffs request punitive damages, inter alia, for each Count in the Complaint. Defendants argue that these requests should be stricken because "the Complaint is devoid of any factual allegations indicating that BANA's state of mind was motivated by ill-will or rose to a level beyond negligence." Defs.' Mot. Dismiss 25, ECF No. 13. However, Defendants' argument is now moot, given that the Court has decided to dismiss all of the Counts in the Complaint for the reasons explained above. Consequently, it would be premature to go count by count and determine whether Plaintiffs' request for punitive

damages should be stricken when it is not clear which counts, if any, will remain if an amended complaint is filed.

**T. Leave to Amend**

Leave to amend should be freely granted. Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiffs are thus granted twenty days to amend Counts I, II, IV, V, VII, X, XII, XIII, and XIV. However, Plaintiffs are not granted leave to amend the following futile Counts: III (no private right of action), VI (same), VIII (same), IX (same), XV (same), XI (barred by the statute of limitations), XVI (not a cause of action), XVII (same).

**V. Conclusion**

For the reasons set forth above,

1. Defendants' Motion to Dismiss will be granted as to the following counts with prejudice: Counts III, VI, VIII, IX, XV, XI, XVI, and XVII.

2. Defendants' Motion to Dismiss will be granted as to the following counts without prejudice: Counts I, II, IV, V, VII, X, XII, XIII, and XIV.

3. Plaintiff Sophia Mazza will be dismissed.

4. The five named defendants and ten John Does will be dismissed.

An appropriate order follows.