IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK MAZZA, et al., | : | CIVIL ACTION |
| | : | NO. 20-3253 |
| Plaintiffs, | : | |
| v. | : | |
| BANK OF NEW YORK MELLON, et al., | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                               May 24, 2023

### I. INTRODUCTION & BACKGROUND

This action is brought by Mark Mazza and Lisa Mazza ("the Mazzas" or "Plaintiffs") against The Bank of New York Mellon ("BNYM"), Bank of America, N.A. ("BANA"), MERSCORP, Inc. ("MERS"), and Specialized Loan Servicing LLP ("SLS") (collectively, "Defendants")[1]. The Mazzas' initial complaint alleged a number of state and federal claims related to the execution and allegedly fraudulent subsequent assignments of the mortgage.

---

[1] BAC Home Loans Servicing was dismissed because it merged with BANA. See Mazza v. Bank of New York Mellon, No. 20-3253, 2021 WL 601135, *1 (E.D. Pa. Feb. 16, 2021).

In ruling on the Defendants' motions to dismiss, the Court dismissed all claims of the complaint. The Mazzas were granted leave to amend nine of their claims: (1) fraud; (2) violation of the Uniform Commercial Code sections 3-301, 3-305, 3-203, and 3-309, (3) violations of the Uniform Deceptive Trade Practices Act, (4) violation of the Truth in Lending Act, (5) violation of 12 U.S.C. §§ 81-95, (6) violation of the RICO Act, (7) corporate liability, (8) fabrication/falsification of evidence, and (9) breach of the implied covenant of good faith and fair dealing. The Court's reasoning in dismissing the Mazzas' claims and allowing leave to amend is detailed in its February 16, 2021 memorandum. See Mazza v. Bank of New York Mellon, No. 20-3253, 2021 WL 601135 (E.D. Pa. Feb. 16, 2021).

Rather than filing an amended complaint by the deadline set by the Court, the Mazzas appealed the Court's dismissal order. The Third Circuit dismissed the appeal for lack of appellate jurisdiction, reasoning that the order appealed from was not a final order because it granted leave to amend certain claims.

On May 17, 2022, the Court ordered the Mazzas to file an amended complaint, or, alternatively, a statement that they planned to stand on their original complaint, by June 1, 2022. The order notified the Mazzas that if they failed to either file an amended complaint or advise the Court of their intention to stand on their original complaint by the deadline, the case

2

would be dismissed with prejudice. See Order, ECF No. 45. The Mazzas filed a request for a three-week extension of the deadline, which the Court granted. However, the Mazzas failed to file their amended complaint by the June 22nd deadline; they filed it five days late on June 27, 2022.

After the Mazzas failed to timely file their amended complaint, the Defendants sent letters to the Court requesting the case be dismissed with prejudice. In response, the Court issued a Rule to Show Cause why the case should not be dismissed based on the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). See Order, ECF No. 51. The Mazzas were ordered to respond to the Rule by July 26, 2022, and the Defendants were granted leave to respond by August 9, 2022. The Court notified the parties that they should be prepared to discuss the responses to the Rule at the September 21, 2022 status conference.

## II.   DISCUSSION

After reviewing the parties' responses to the Rule, hearing their arguments at the September 21, 2022 status conference, and evaluating the applicable Poulis factors, the Court will dismiss the Mazzas' claims with prejudice.

Before imposing "sanctions of dismissal or default judgment or their functional equivalent," courts are instructed to weigh six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis omitted); see also United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021) ("[W]e typically require district courts to analyze the Poulis factors before imposing sanctions of dismissal or default judgment or their functional equivalent.").

As to the first factor, Plaintiffs admit that they are "responsible" for the late filing but blame it on the fact that Mr. Mazza, as a pro se litigant, does not receive the Court's orders electronically but only by mail. Mr. Mazza has relied upon this excuse several times before throughout the course of this case. See ECF Nos. 20, 34, 46, 53. However, this excuse is not persuasive here for at least two reasons. First, Plaintiffs have never requested electronic access to the filings in this case. And when the Court ordered Mr. Mazza to provide an email address to facilitate more efficient communication, he failed to do so. Indeed, at the Status Conference on September 21, 2022,

the Court was again flexible with Mr. Mazza, granting him the option to receive paper filings and gain access to electronic filings, but Mr. Mazza refused. And second, because the Court granted the Mazzas' motion for an extension to file their amended complaint, Plaintiffs **themselves** suggested the deadline they later missed. Under these circumstances, the Mazzas had ample notice of the deadline and still failed to meet it. The first Poulis factor accordingly weighs in favor of dismissal.

Second, Defendants are prejudiced by the Mazzas' failure to comply with the Court's deadlines. As courts within this district have recognized, "[e]xamples of prejudice include actions that hinder a party's ability to conduct discovery, develop the factual record, and reach a speedy and fair resolution of the litigation." United States ex rel. Construction Hardware, Inc. v. Patterson, No. 12-cv-3285, 2014 WL 2611178, at *4 (E.D. Pa. Jun. 10, 2014) (quoting Rita's Water Ice Franchise Co., LLC v. S.A. Enters., LLC, No. 10-cv-4297, 2011 WL 1196468, at *4 (E.D. Pa. Mar. 29, 2011)). Plaintiffs' failure to comply with the Court's deadlines prevents the speedy and fair resolution of this action. And because this action represents a collateral attack on the foreclosure proceedings that Defendant Bank of New York Mellon seeks to enforce in the related action, see The Bank of New York Mellon v. Mazza, No.

5

17-cv-5453, Plaintiffs' failure to adequately pursue this case affects the timely and fair resolution of that matter as well.

The third Poulis factor, a history of dilatoriness, further weighs in favor of dismissing the action. Plaintiffs have consistently delayed the progress of this case. The Mazzas failed to timely respond to Defendants' motion to dismiss their initial complaint, resulting in the complaint being dismissed and the case closed. The Court later re-opened the case and allowed the Mazzas additional time to respond. In total, the Mazzas have required at least six extensions of deadlines in this Court as well as several more during the course of their appeal. See Poulis, 747 F.2d at 868 (finding a history of dilatoriness when the case had "been characterized by a consistent delay by plaintiffs' counsel.").

The fourth Poulis factor—whether the conduct was willful or in bad faith—also weighs against the Mazzas. Mr. Mazza argued that he believes in good faith he complied with the deadline because it was his belief that Federal Rule of Civil Procedure 6(d) adds three days to the period in which a party may act when they receive service by mail. And because the purported three-day extension of the deadline fell on a weekend, he believed pursuant to Rule 6(a) he had until Monday, June 27, 2022 to file their Amended Complaint. However, as Plaintiff acknowledged in his response, Rule 6(a) only applies in connection with a Court

6

order "that does not specify a method of computing time"; because the Court set a fixed deadline for Plaintiffs' filing, the rule is inapposite here. Fed. R. Civ. P. 6(a); see also Advisory Committee Notes on 2009 Amendment, Fed. R. Civ. P. 6 ("The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set."). Moreover, Mr. Mazza is a former attorney, and has demonstrated significant skill and knowledge of the law in both this case and the related cases.[2] It also seems plausible that, viewing the Mazzas' conduct in this and the related action as a whole, they are effectively doing everything in their power to delay the actions as long as possible to avoid eviction from the property. This type of "intentional or self-serving behavior" has been found to constitute bad faith by other courts. Hildebrand v. Allegheny County, 923 F.3d 128, 135 (3d Cir. 2019).

As to the fifth Poulis factor, there are likely no effective alternative sanctions that may be imposed here. Given the nature of this action and that the Mazzas are not represented by counsel, imposing attorney fees or other monetary sanctions would not be an effective alternative to dismissal.

---

[2] In the related 2015 bankruptcy appeal, Judge Leeson found that the Mazzas had engaged in a "scheme to delay." See Mazza v. The Bank of New York Mellon, No. 14-cv-6423, 2015 WL 5729262, at *5 (E.D. Pa. Sept. 30, 2015).

See Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008) (upholding the district court's finding that monetary sanctions or attorney fees were not effective sanctions in a case involving a pro se plaintiff).

Finally, the Mazzas have not demonstrated that their claims have sufficient merit to preclude dismissal. In general, courts find claims to be meritorious pursuant to the final Poulis factor when those claims have previously withstood a motion to dismiss or for summary judgment. See id. at 225 (finding claims meritorious where they had "cleared the summary judgment hurdle"); Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (finding a claim meritorious for the purposes of the Poulis analysis when it had previously withstood a motion to dismiss). None of the Mazzas' claims withstood Defendants' prior motion to dismiss. And while the Mazzas were granted leave to amend certain claims, the amended complaint still fails to allege adequate facts to support their claims against Defendants.[3] Under these circumstances, the Mazzas' amended complaint fails to demonstrate that their claims have sufficient merit to preclude dismissal.

---

[3] Additionally, the Mazzas' amended complaint does not fully comply with this Court's order. Though Sophia Mazza, the Mazzas' daughter, was dismissed from the case, the Amended Complaint again seeks to bring claims on her behalf. The Amended Complaint also adds a "breach of contract" claim for which Mr. Mazza was not granted leave.

## III.    CONCLUSION

For the reasons set forth above, the <u>Poulis</u> factors weigh in favor of dismissal and this action will be dismissed with prejudice.

An appropriate order follows.